# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Brook H. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
        Civil No. 24-0049-CDA

Dear Counsel:

On January 5, 2024, Plaintiff Brook H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on December 14, 2018, and a Title XVI application for Supplemental Security Income ("SSI") benefits on May 28, 2019, alleging a disability onset of July 10, 2018. Tr. 74-77, 216-17, 223-32. Plaintiff's claims were denied initially and on reconsideration. Tr. 128-33, 135-38. On December 2, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46-73. Following the hearing, on January 9, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 27-45. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on January 5, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Brook H. v. Dudek*
Civil No. 24-0049-CDA
March 28, 2025
Page 2

## II.    <u>THE ALJ'S DECISION</u>

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since July 10, 2018, the alleged onset date." Tr. 32. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Attention Deficit Hyperactivity Disorder (ADHD), Posttraumatic Stress Disorder (PTSD), anxiety, depression, panic disorder, and morbid obesity." Tr. 33. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "psoriasis, psoriatic arthritis, plantar fasciitis, irritable bowel syndrome, and hypertension." Tr. 33. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 33. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can perform light work where she lifts up to 20 pounds occasionally and 10 pounds frequently. She can stand or walk for six hours out of an eight-hour workday, and she can sit for six hours out of an eight-hour workday. The claimant can perform work where she is limited to simple, routine, and repetitive tasks in an environment where she is not expected to perform work requiring a specific production rate such as assembly-line work or work that requires hourly quotas. She can perform work where there are few, if any, workplace changes. She can perform work where she has only occasional interaction with the general public.

Tr. 35. The ALJ determined that Plaintiff has no past relevant work but could perform jobs that existed in significant numbers in the national economy. Tr. 37-38. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 39.

## III.    <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be

*Brook H. v. Dudek*
Civil No. 24-0049-CDA
March 28, 2025
Page 3

conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    **ANALYSIS**

On appeal, Plaintiff argues that the ALJ failed to provide a proper narrative discussion to support the conclusion that Plaintiff's severe mental and physical impairments necessitated a limitation that Plaintiff is unable to "perform work requiring a specific production rate such as assembly-line work or work that requires hourly quotas." ECF 12, at 8-11; ECF 17, at 1-2. Defendant counters that the ALJ properly accounted for Plaintiff's moderate concentration, persistence, and pace ("CPP") limitations when formulating the RFC and supported the RFC determination with substantial evidence. ECF 14, at 5-14.

The Court finds that the ALJ properly accounted for Plaintiff's moderate CPP limitations and amply supported the RFC determination with substantial evidence. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

When a claimant possesses a mental impairment, an ALJ must make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.*

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at

*Brook H. v. Dudek*
Civil No. 24-0049-CDA
March 28, 2025
Page 4

121–22.  However, as *Mascio* explained, "the ability to perform simple tasks differs from the ability to stay on task.  Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Lori S. v. Kijakazi*, No. BAH-21-2034, 2022 WL 1721192, at *3 (D. Md. May 27, 2022) (quoting *Mascio*, 780 F.3d at 638).  An ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions.  *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).  In other words, where an ALJ finds that a "plaintiff [i]s moderately limited in CPP, the ALJ must account for those limitations in the RFC or explain how plaintiff could maintain CPP while performing simple, routine tasks." *Everlena G. v. Kijakazi*, No. DLB-20-0784, 2021 WL 3912277, at *3 (D. Md. Sept. 1, 2021).

Plaintiff argues that the ALJ "failed to provide a proper narrative discussion of several aspects of the RFC determination[,]" rendering the ALJ's RFC determination unsupported by substantial evidence. ECF 12, at 8.  Specifically, Plaintiff contends that the ALJ failed to connect the RFC's production rate provision to Plaintiff's moderate CPP limitations such that "it is unclear whether this RFC limitation was even intended to accommodate Plaintiff's mental impairments." *Id.* at 11.  The Court finds these arguments unavailing.

At step three, the ALJ concluded Plaintiff had a moderate CPP limitation.  Tr. 34.  The ALJ's RFC states Plaintiff "can perform work where she is limited to simple, routine, and repetitive tasks in an environment where she is not expected to perform work requiring a specific production rate such as assembly-line work or work that requires hourly quotas." Tr. 35.  The ALJ's reliance on the opinions of state agency psychologists, Drs. Joynson and Ewell, in crafting the RFC provides support for the CPP limitations incorporated therein and enables the Court to perform meaningful review.  Drs. Joynson and Ewell determined that Plaintiff had a moderate CPP limitation.  Tr. 93, 109.  They opined that Plaintiff had moderate limitations in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  Tr. 37, 96, 112-13.  The ALJ found these opinions "persuasive and consistent with the record as a whole and supported by the treatment notes in the record, including the most recent, treatment notes." Tr. 37.

The ALJ crafted an RFC incorporating a limitation to simple, routine, and repetitive tasks and a restriction from working at a specific production rate—the same provisions set forth in Drs. Joynson's and Ewell's opinions.  Tr. 35-37.  The ALJ expressly determined that due to Plaintiff's moderate CPP limitation, Plaintiff "could perform work where she is limited to simple, routine, and repetitive tasks in an environment where she is not expected to perform work requiring a specific production rate such as assembly-line work or work that requires hourly quotas." Tr. 37.  Given the ALJ's adoption of Drs. Joynson's and Ewell's opinions related to Plaintiff's CPP limitations, the ALJ's decision provides the requisite "logical bridge" connecting the evidence of Plaintiff's concentration issues to the RFC provision restricting Plaintiff from specific production rate work.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).  As such, the Court determines that Drs. Joynson's and Ewell's opinions "provided substantial support" for the RFC assessed in

*Brook H. v. Dudek*
Civil No. 24-0049-CDA
March 28, 2025
Page 5

this case and that the ALJ's adoption of Drs. Joynson's and Ewell's opinions permits meaningful review. Tr. 35-37; *see also Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis[.]  Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in determining [the claimant's] RFC.").

This Court has previously held that a restriction from performing at a production rate pace adequately accounts for a claimant's moderate CPP limitation.  *See, e.g.*, *Teresa B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019) (holding that an RFC provision limiting a claimant to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)" was sufficient to address a moderate CPP limitation); *Kenneth L. v. Kijakazi*, No. SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (holding that a limitation to "no strict production quotas" was sufficient to address moderate CPP limitations); *Lori S.*, 2022 WL 1721192, at *3 (holding that the ALJ accounts for Plaintiff's moderate CPP limitations when limiting Plaintiff to "no production rate or pace work[,] [t]hat is no assembly line or high production quota[.]").  Additionally, our sister court has held that where an ALJ "finds moderate limitation in CPP" and "has included a . . . restriction to 'non-production oriented' work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits."  *Grant v. Colvin*, No. 15-0515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016), *recommendation adopted*, slip op. (M.D.N.C. Sept. 21, 2016).

A careful review of the ALJ's decision reveals that the ALJ provided substantial evidence for the RFC provisions accounting for Plaintiff's moderate CPP limitations.  The ALJ examined the objective medical evidence of Plaintiff's mental limitations and found Plaintiff's "mental limitations [to be] severe, yet she is able to assist her kids with virtual learning, . . . has a history of babysitting outside the home as recently as May 2022[,] . . . [and] has done a good job of getting mental health treatment," noting that many visits noted either "no or only minimal psychiatric concerns." Tr. 36.  The ALJ acknowledged that Plaintiff reported her mental health symptoms "worsened" throughout 2018 following a car accident, a job loss, and a tubal pregnancy. Tr. 36.  However, the ALJ observed that mental status examinations revealed "good memory, good attention or concentration, cooperativeness, normal affect, and no suicidal ideation." Tr. 36.  The ALJ noted that Plaintiff's mental health symptoms had been "conservatively managed with medications, such as Wellbutrin and Adderall[,]" and that Plaintiff reported "her medication regimen has been effective and has kept her stable." Tr. 36.  Additionally, the ALJ stated that Plaintiff had "not been hospitalized for psychiatric reasons since 2015." Tr. 36.  The ALJ further observed that Plaintiff took classes in April 2019, interviewed for and was offered a job at a daycare center, babysat outside the home in May 2022, and is a single mother to two minor children. Tr. 36-37.  The ALJ concluded that Plaintiff's clinical signs do not suggest that the RFC assessment is unreasonable, and the medical record does not reflect "a treatment regimen inconsistent with such limitations." Tr. 37.

Plaintiff fails to identify any RFC provisions that the ALJ should have included in lieu of

*Brook H. v. Dudek*
Civil No. 24-0049-CDA
March 28, 2025
Page 6

the provision at issue in this case. *See generally* ECF 12. Plaintiff also fails to explain how a more detailed explanation of the mental RFC might change the outcome of this case. Rather, Plaintiff argues that the ALJ's lack of explanation precludes judicial review. ECF 12, at 11-13. But, as noted above, the ALJ's adoption of Drs. Joynson's and Ewell's opinions and other review of the objective medical evidence of the record support their determinations regarding Plaintiff's CPP limitations. *See Sizemore*, 878 F.3d at 80-81. Accordingly, remand is unwarranted because the Court's review is not "frustrate[d]" by "inadequacies in the ALJ's analysis[.]" *Mascio*, 780 F.3d at 636.

## V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge